The Chief Justice
delivered tHe opinion of the court.*
The only point presented by the record in this case, relates to the sufficiency of the declaration. The action was assumpsit, and the declaration alledges, in substance, that the plaintiff’s intestate agreed with the defendant to do the brick work of a house, for which the defendant promised, when the work should be done, to pay the plaintiff’s intestate therefor cash notes upon good and able men living in the county bf Jefferson: that the plaintiff’s intestate did perform the brick work of said house: that the defendant, *139 in part pay of the work so done, assigned to the plaintiff, as the administratrix of said intestate, a note on George Pope for l. 34 10, with interest from the 10th of August, 1806; and that afterwards upon the suggestion of the plaintiff to the defendant that said Pope did not reside in the county of Jefferson, but resided at in another state, he, the defendant, promised to assign and deliver to the plaintiff another note for the same amount of said Pope’s note, on some good and able men residing in the county of Jefferson—and then concludes with an averment that the defendant never did assign to the plaintiff another note of the amount aforesaid, on any good and able man living in the county of Jefferson. By an amendment afterwards made to the declaration, it is alledged, that at the time of the promise aforesaid, at Louisville, the plaintiff tendered and offered to return to the defendant the note on said Pope, and that the plaintiff has always since been ready and still is ready to deliver and to reassign said note to the defendant, and profert is made of it in court.
The principal objection taken to the declaration is, that there is no sufficient consideration alledged to support the promise, for the breach of which the action is brought. There is no doubt, a sufficient consideration laid for the original promise, but of that there is no breach alledged. On the contrary, the note on Pope is stated to have been assigned in part discharge of that promise, and the breach complained of is in the promise to assign another note in its stead. For this promise the only consideration alledged, is the suggestion of the plaintiff that Pope did not live in the county of Jefferson. But the suggestion might have been made and the fact not have been so. Admitting, therefore, that Pope’s not residing in the county of Jefferson would have been a good consideration for the promise, the fact should have been averred, and not the mere suggestion of the fact. If, however, the fact were as suggested, and had been properly averred, it cannot be admitted to be in itself a sufficient consideration. It is true in that case that the assignment of the note on Pope would not have been a strict performance in part of the original promise; but unless the plaintiff had been, at the time of the assignment of the note, ignorant of Pope’s place of residence, it would have amounted to a satisfaction in part, and the defendant could consequently have been under no legal or moral obligation to assign to the plaintiff another note in its stead. In *140 addition, therefore, to the averment of the non-residence of Pope in the county of Jefferson, there should have been an averment of the plaintiff’s ignorance of the fact at the time of the assignment of the note in order to have made out a good consideration. Regardless, indeed, of the state of these facts, there might have been a good consideration if the plaintiff had promised on her part to re-assign the note on Pope to the defendant; but there is no such promise alledged.
B. Hardin for appellant, Pope for appellee.
The court below therefore erred in not sustaining the demurrer to the declaration.
Judgment reversed with costs, and the cause remanded, that the plaintiff may have leave to amend her declaration, if she should apply for that purpose; but if not, that judgment be entered for the defendant.

Absent, Judge Rowan.